**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

FREDERICK RYAN SANDERS,[1]
             Appellant,

             v.

DEPARTMENT OF DEFENSE,
             Agency.

DOCKET NUMBER
CH-0752-13-4544-I-1

DATE: November 10, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

<u>Frederick Ryan Sanders</u>, St. Louis, Missouri, pro se.

<u>Amy Josselyn</u> and <u>Jack W. Rickert</u>, Springfield, Virginia, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the agency's action furloughing him from his position. Generally, we

---

[1] Our findings in this decision apply only to Appellant Sanders and not to the other appellants who previously were part of the consolidation in this matter, *GOAWBHR v. Department of Defense*, MSPB Docket No. PH-0752-14-0749-I-1, but did not file a petition for review.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the chief administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 On May 31, 2013, the National Geospatial-Intelligence Agency (NGA)[3] informed the appellant, a Supervisory GEOINT[4] Analyst with the Source Directorate, Maritime Safety Office, Southern Ocean Branch, that it proposed to furlough him for no more than 11 workdays due to the "extraordinary and serious budgetary challenges facing the Department of Defense [(DOD)] for the remainder of Fiscal Year (FY) 2013, the most serious of which is the sequester that began on March 1, 2013." Initial Appeal File (IAF), Tab 1. Subsequently, the NGA's deciding official determined that the reason for the proposed furlough remained valid, the procedures and conditions related to the furlough had been determined to be the most equitable means of implementing the furlough, and the appellant would be required to be on a discontinuous furlough for no more than 11 workdays during the period from July 8, through September 21, 2013. *Id.* He

---

[3] The NGA is both an intelligence component of the Department of Defense (DOD) and a combat support agency.

[4] GEOINT is an abbreviation for Geospatial Intelligence.

ultimately served 6 workdays on furlough. *GOAWBHR v. Department of Defense*, MSPB Docket No. PH-0752-14-0749-I-1, Consolidation Appeal File (CAF), Tab 18, Initial Decision (ID) at 5.

¶3    The appellant filed an individual appeal challenging the furlough, which the Board consolidated with related appeals of other employees. CAF, Tab 2. All of the appellants raised certain similar issues regarding the propriety of the furlough, and the individual appellants, including Appellant Sanders, raised specific issues related to their particular situations. IAF, Tab 1.

¶4    Following the requested hearing, the chief administrative judge issued an initial decision affirming the furlough actions. ID at 3, 47. He first addressed the appellants' common claims. He found that, even if the NGA had enough funding to avoid furloughs for its employees, there was a legitimate basis for the DOD-wide furloughs because of the serious budget shortfall it faced. ID at 15-16. He further found, consistent with the Board's decision in *Chandler v. Department of the Treasury*, 120 M.S.P.R. 163, ¶¶ 8-9 (2013), that certain issues were beyond the Board's purview because they were matters left to the NGA's discretion. For example, he found that, even if the furloughs could have been avoided by taking other steps, the Board could not second-guess the agency's assessment of its mission requirements and priorities and that that was so, even if the furloughs harmed the NGA's timely performance of its work or otherwise harmed its mission. ID at 16. The chief administrative judge further found that the way in which the DOD structured the furlough, including its decision to furlough virtually all of its civilian employees regardless of the importance of their duties, was beyond the Board's purview, so long as distinctions were not made for impermissible reasons. Next, the chief administrative judge found that the decision not to furlough National Intelligence Program (NIP) employees, but only Military Intelligence Program (MIP) employees, had a legitimate basis because NIP employees are funded by a non-DOD funding stream such that furloughing them would not have impacted the DOD budget, and that the decision

of the Director of National Intelligence (DNI) and the Secretary of Defense (SECDEF) in this regard could not be disturbed by the Board.[5]  ID at 18; *see Defense Intelligence Agency v. Department of Defense*, 122 M.S.P.R. 444, ¶¶ 9-12 (2015).  As for the appellants' argument that their positions should have been NIP-funded rather than MIP-funded, the chief administrative judge found that this challenge too was outside the scope of the Board's review.  He acknowledged that some NGA employees were furloughed for fewer days than others because they were identified as MIP-funded late in the furlough process based on an audit that occurred in August 2013, but he found that this was a legitimate reason for the difference in treatment.[6]  ID at 19.  The chief administrative judge considered, but rejected, the appellants' claim that the agency committed a due process violation or harmful procedural error regarding the notice and opportunity to respond.  ID at 20-22.

¶5        The chief administrative judge then addressed the individual claims raised by Appellant Sanders.  The chief administrative judge noted that the appellant did not dispute that, as a Supervisory GEOINT Analyst, he properly was serving in an MIP-funded position, but argued that, because acting supervisors were not furloughed, he should not have been furloughed.  ID at 29.  The appellant referred specifically to two acting supervisors who were initially furloughed, but who, based on an exception granted by the Undersecretary of Defense in late July 2013, after the furlough began, had their furloughs terminated before those of other employees, including the appellant.  The exception was granted for certain Safety of Navigation (SON) employees, specifically Analysts who directly provided needed SON products and services, but it did not apply to supervisors or Staff Officers.  Because the positions of record of the two individuals were SON Analysts, and because they only were serving as acting supervisors, the chief

---

[5] The NGA receives its funding from the NIP, which is administered by the DNI, and the MIP, which is administered by the SECDEF.  ID at 6.

[6] The audit, however, did not affect any of these particular employees.  ID at 10.

administrative judge found that the agency properly determined their furlough status based upon their positions of record and not their acting supervisor status, and that therefore the appellant was not similarly situated to those two individuals after the exception was granted. ID at 29-33.

¶6        On review, the appellant argues that because the two acting supervisors performed the same duties as he did, they all should have all been treated the same for purposes of the furlough. Petition for Review (PFR) File, Tab 1 at 4. An agency meets its burden of proving that a furlough promotes the efficiency of the service by showing, in general, that the furlough was a reasonable management solution to the financial restrictions placed on it and that the agency applied its determination as to which employees to furlough in a "fair and even manner." *Clark v. Office of Personnel Management*, 24 M.S.P.R. 224, 225 (1984). A "fair and even manner" means that the agency applied the adverse action furlough uniformly and consistently, just as it is required to apply a reduction in force (RIF). *Chandler*, 120 M.S.P.R. 163, ¶ 8. This does not mean that the agency is required to apply the furlough in such a way as to satisfy the Board's sense of equity. Rather, it means that the agency is required to treat similarly situated employees similarly and to justify any deviations with legitimate management reasons. Here, in addressing this issue, the chief administrative judge properly looked for guidance to RIF principles. *Id.*; *see* 5 C.F.R. § 752.404(b)(2) (applying RIF competitive level principles to adverse action furloughs). He found that RIF rights, including competitive level, are based on an individual's position of record and that therefore the agency properly determined the two individuals' furlough status based upon their positions of record, not their supervisory status. *See Clark*, 24 M.S.P.R. at 225-26; ID at 34-35. The chief administrative judge further found that, even if the agency had made the determination incorrectly regarding the two individuals, the result would have been that they would not have been exempted from the furlough, and not that the appellant would have been exempted. ID at 33. We find, on this

basis, that the appellant has not shown error in the chief administrative judge's consideration of the employees' positions of record, rather than the nature of their duties, in determining that the agency applied the furlough in a fair and even manner.

¶7    The appellant contends that the chief administrative judge abused his discretion in not allowing him to argue that he was improperly denied the right to respond to the NGA/DOD officials as to why he should have been included in the exception for certain SON employees. PFR File, Tab 1 at 4-5. The record does not support a finding that the agency committed a procedural error in not permitting a challenge to the agency's decision regarding the exception. Further, even assuming that the agency should have allowed such a challenge, the appellant has failed to demonstrate any prejudice to his substantive rights because he has not shown that any error likely would have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of such error. *See Pumphrey v. Department of Defense*, 122 M.S.P.R. 186, ¶¶ 9-11 (2015).

¶8    Next, the appellant disputes the chief administrative judge's statement that he dropped a portion of his appeal regarding who the appropriate deciding official should have been in his case. PFR File, Tab 1 at 5; ID at 15 n.11. The summary of the telephonic prehearing conference reflects that the appellant raised a harmful procedural error claim as to the action not having been taken by those in his immediate chain of command, but that "he decided to drop this issue." CAF, Tab 14 at 2. The February 13, 2015 summary provided that any objection to its accuracy must be filed in writing no later than February 18, 2015. *Id.* at 11. The record does not reflect that the appellant noted any objection to the summary. His failure to do so then precludes him from now raising the issue. *See Brown v. Department of the Army*, 96 M.S.P.R. 232, ¶ 6 (2004).

¶9    Finally, the appellant argues that he was not permitted to show that the NGA/DOD failed to consider his actual duties as set forth in his official position

description.  PFR File, Tab 1 at 5.  The chief administrative judge acknowledged that, in determining RIF competitive levels where, as here, pay bands are involved, an agency may (but need not) look beyond an employee's official positon of record with evidence of the employee's actual duties and responsibilities, *see* 5 C.F.R. § 351.403(a)(2)(ii), but he found that that subsection did not alter the Board's case law holding that the position of record controls for RIF purposes, ID at 35 n.21.  The appellant has not shown error in the chief administrative judge's finding, *see, e.g.*, *Jicha v. Department of the Navy*, 65 M.S.P.R. 73, 77 (1994), and therefore the appellant has not shown that the chief administrative judge abused his discretion in making a ruling that was based upon that finding, *see Jezouit v. Office of Personnel Management*, 97 M.S.P.R. 48, ¶ 12 (2004) (finding that, to obtain reversal of an initial decision on the ground that the administrative judge abused his discretion in excluding evidence, the petitioning party must show on review that relevant evidence, which could have affected the outcome, was disallowed), *aff'd*, 121 F. App'x 865 (Fed. Cir. 2005); *see* 5 C.F.R. § 1201.41(b)(3) (administrative judges have the authority to rule on offers of proof and receive relevant evidence), (b)(6) (administrative judges have the authority to regulate the course of the hearing).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27,

2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:            _____
                          William D. Spencer
                          Clerk of the Board

Washington, D.C.